# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

RICHARD ANTHONY, )
)
       Petitioner, )
)
v. ) No. CIV-16-576-D
)
JOHN B. FOX, Warden, )
)
       Respondent. )

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging a fourteen-year-old state court conviction in the Bradley County District Court, State of Tennessee. United States District Judge Timothy D. DeGiusti referred this matter for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The petition should be **DISMISSED** for lack of jurisdiction.

## I. BACKGROUND

Petitioner is currently in the custody of the Federal Bureau of Prisons (BOP) serving a sentence imposed after his conviction in a federal court. (ECF 1:1).[1] He is not, however, challenging his federal conviction. Rather, Petitioner seeks to have this court "vacate a previous state conviction" that was used to classify him as a "career offender" resulting in enhancement of his federal court conviction. (ECF No. 1:1).

---

[1] According to BOP records, Petitioner filed this habeas action while he was incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma (FTC-OKC). The same records indicate he is still incarcerated at FTC-OKC.

Petitioner appealed his state court conviction to the Court of Criminal Appeals of Tennessee (TCCA), Case No. 90-411. (ECF No. 1:2). The TCCA affirmed his conviction on June 2, 1992. *See Anthony v. State of Tennessee*, 836 S.W. 2d 600 (Tenn. Crim. App. 1992). But Petitioner's counsel failed to request permission to appeal the decision of the TCCA to the Tennessee Supreme Court as required by Rule 11(a) of the Rules of the Tennessee Supreme Court ("An appeal by permission may be taken from a final decision of the Court of Appeals or Court of Criminal Appeals to the Supreme Court only on application and in the discretion of the Supreme Court.").

The remainder of the case history is taken from Petitioner's current Petition and the opinion of the Tennessee Court of Criminal Appeals in *Anthony v. State of Tennessee*, Case No. E2015-00850-CCA-R$_3$-PC, 2015 WL 6671573 (Tenn. Crim. App. 2015), an appeal from the trial court's denial of Petitioner's last post-conviction application. In its opinion, the TCCA sets forth the history of this "convoluted legal matter" with a "sparse" record on appeal:

> In September 1993, the petitioner filed a pro se motion styled "Application for Writ of Habeas Corpus or in the alternative Petition for Post–Conviction Relief." The 1993 post-conviction court treated the filing as being in the latter category and determined that it was without merit, except for the complaint that appointed counsel had not filed an application for permission to appeal this court's decision affirming the convictions. The same counsel was appointed to pursue the second-tier appeal, and, upon his doing so, the post-conviction petition was dismissed. As counsel attempted to pursue the further appeal, the petitioner next sought to amend his still pending post-conviction petition in a way not disclosed in the record. The State opposed the amendment and in September 1994, this court determined, as set out in its order, that appointed counsel was using an improper procedure in seeking a second-tier appeal, directing that counsel adhere to the process set out in *Pinkston v. State*, 668 S.W.

2d 676 (Tenn. Crim. App. 1984). That same month, the petitioner filed another pro se motion seeking to have a different attorney appointed to represent him. In January 1995, he filed another pro se motion to the same effect. That same month, the trial court entered an order apparently dismissing another pro se petition for post-conviction relief which, apparently, had been filed earlier in January 1995. In that order, which is not contained in the record on appeal, the trial court found that trial counsel had been ineffective by not seeking a second-tier review in the direct appeal process but that the attorney error was harmless, and the petitioner was not harmed thereby. The petitioner did not appeal that order.

The next event in this matter occurred in January 1997, when the petitioner filed a pro se motion to reopen his 1993 petition for post-conviction relief. According to the petitioner, his trial counsel, who had been determined in 1995 to have been ineffective for not correctly seeking a second-tier appeal but that his error had been harmless, was responsible for appealing that finding. In April 1997, the post-conviction court entered an order dismissing that pleading, finding that the petitioner had failed to appeal the 1995 proceeding. That 1997 order was not appealed by the petitioner.

Eighteen years later, on March 3, 2015, the petitioner filed another petition for post-conviction relief, reciting that it was his first such petition, and setting out grounds for relief which, according to the court's order dismissing the petition, "the very same grounds litigated in Petitioner's first petition for post-conviction relief, Petitioner's amended petition for post-conviction relief, and Petitioner's motion to reopen petition for post-conviction relief." It is that ruling which is the basis for this appeal.

*Anthony v. State*, 2015 WL 6671573, at *1-2. The TCCA affirmed the post-conviction court's dismissal of Petitioner's final application for post-conviction relief.

According to Petitioner, ineffective assistance of appellate counsel caused him to be denied a "second tier" appeal from his state court conviction. Although Petitioner admits the Tennessee courts found he had procedurally defaulted his claims, Petitioner is asking this Court to "vacate Petitioner's state conviction in full." (ECF No. 1:5-6).

Petitioner seeks to have his Tennessee state court conviction vacated because the federal district court, in which he was later convicted of a federal offense, classified Petitioner as a "career offender" under federal law based on the state court conviction. According to Petitioner, the "career offender" classification resulted in enhancement of his federal sentence.

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254 requires the Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief...." In this case, it is apparent that dismissal is required because this Court lacks jurisdiction to consider Petitioner's Section 2254 Petition.

## III. ANALYSIS

Section 2254(a) requires a petitioner to be "in custody pursuant to the judgment of a State court ... in violation of the Constitution or laws or treaties of the United States." The "in custody" requirement is jurisdictional. *Calhoun v. Attorney General of Colorado*, 745 F.3d 1070, 1073 (10th Cir. 2014) (*quoting Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009)). *See also Melang v. Cook*, 490 U.S. 488, 493 (1989) (the "in custody" requirement means present physical confinement under the conviction or sentence under attack).

4

Although Petitioner brings his petition for habeas relief pursuant to 28 U.S.C. § 2254, Petitioner is not in custody pursuant to the judgment of a state court. Petitioner completed his state court sentence in 2010[2] and is currently in federal custody serving the sentence imposed by the United States District Court for the Eastern District of Tennessee after his conviction of a federal offense. (ECF No. 1:6).[3]

Because this Court lacks jurisdiction to entertain Petitioner's 28 U.S.C. § 2254 habeas petition, the petition should be dismissed.

## IV. RECOMMENDATION

It is recommended that the petition be **DISMISSED** for lack of jurisdiction.

## V. NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. Any objection must be filed with the Clerk of the District Court by **July 25, 2016**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

---

[2] The information regarding Petitioner's state court sentence was obtained from the Tennessee Felony Offender Information provided by the Tennessee Department of Corrections. *See* https://apps.tn.gov/foil (last accessed June 28, 2016).

[3] To the extent Petitioner seeks to challenge the enhancement of his federal sentence as a result of the state conviction, the proper vehicle for doing so would be to file a 28 U.S.C. § 2255 petition to vacate, set aside, or correct the sentence in the federal district court that imposed the sentence. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

5

## VI. STATUS OF REFFERAL

This Report and Recommendation disposes of all issues referred to the undersigned magistrate judge in the captioned matter.

ENTERED on July 7, 2016.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE