IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| RICHARD ANTHONY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-16-576-D |
|  | ) |  |
| JOHN B. FOX, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 6] issued July 7, 2016, by United States Magistrate Judge Shon T. Erwin. Judge Erwin construed the Petition [Doc. No. 1] as one for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and recommends it be dismissed for lack of jurisdiction.[1] Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), Petitioner objects to the Report and Recommendation on the ground that "Petitioner did not file a [§] 2254 [petition]. [Rather], Petitioner filed a motion under 28 U.S.C. [§] 2241." Pet'r's Obj. [Doc. No. 7] at 1. The Court, having conducted a *de novo* review of the record,[2] finds Petitioner's Objection should be overruled, and the Report and Recommendation should be adopted.

---

[1] Although titled "Habeas Corpus Petition to Vacate, Set [A]side, or Correct Sentence," the Petition fails to specify the statutory provision under which it is brought. Pet. [Doc. No. 1] at 1.

[2] Pursuant to Fed. R. Civ. P. 72(b)(3), where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.*; *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).

The Court disagrees with Petitioner's contention that he can properly bring this action under 28 U.S.C. § 2241.[3] Although "Petitioner is currently in the custody of the Federal Bureau of Prisions[,] . . . .[h]e is not . . .challenging his federal conviction."[4] R. & R. [Doc. No. 6] at 1. Instead, Petitioner explicitly seeks to overturn his state conviction by "ask[ing] that this Court [o]rder [P]etitioner's Tennessee [s]tate conviction void ab initio." Pet'r's Obj. [Doc. No. 7] at 3. The proper vehicle to pursue a writ of habeas corpus regarding a state conviction is 28 U.S.C. § 2254. As correctly set forth in Judge Erwin's Report and Recommendation, the Court lacks jurisdiction to review Petitioner's state court criminal conviction.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 6] is adopted in its entirety.

IT IS SO ORDERED this 21st day of July, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] "The principal purpose of a § 2241 application is to challenge the execution, rather than the validity, of a federal prisoner's sentence." *Hale v. Fox*, No. 14-1294, 2016 WL 390256, at *2 n.2 (10th Cir. July 19, 2016) (citing *Cleaver v. Maye*, 773 F.3d 230, 232 (10th Cir. 2014), cert. denied, 135 S. Ct. 1865, 191 L. Ed. 2d 755 (2015) (noting "a § 2241 petition generally cannot be used to challenge the validity of the underlying conviction").

[4] Insofar as Petitioner is attempting to challenge his federally imposed sentence, the Court agrees with Judge Erwin's analysis. "To the extent Petitioner seeks to challenge the enhancement of his federal sentence as a result of the state conviction, the proper vehicle for doing so would be to file a 28 U.S.C. § 2255 petition to vacate, set aside, or correct the sentence in the federal district court that imposed the sentence." R. & R. [Doc. No. 6] at 5 (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996)); *see also Hale*, *supra* note 2, at *1-2.